NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0651n.06
Filed: September 4, 2007

No. 06-6325

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JEFFREY CLAIR, JULIE CLAIR KRIFT, and J. )
CLAIR ENTERPRISES, INC., )
                              )
    Plaintiffs-Appellants, )
                              )     ON APPEAL FROM THE UNITED
       v.                      )     STATES DISTRICT COURT FOR
                              )     THE EASTERN DISTRICT OF
NORTHERN KENTUCKY INDEPENDENT )     KENTUCKY
HEALTH DISTRICT, RICK MARKSBERRY, )
STEVE DEVINE, and DAVID FORTNER, )
                              )
    Defendants-Appellees. )
_____ )
                              )

Before: BATCHELDER and GRIFFIN, Circuit Judges; and ACKERMAN, District Judge.[*]

PER CURIAM.

Plaintiffs Jeffrey Clair, Julie Clair Krift, and J. Clair Enterprises appeal the district court's

grant of summary judgment in favor of defendants and subsequent dismissal of their procedural and

substantive due process claims brought pursuant to 42 U.S.C. § 1983 arising out of defendants'

denial of plaintiffs' food service application permit.

In a well-reasoned opinion, the district court concluded that plaintiffs did not have a

constitutionally protected property right to a food-service permit for purposes of procedural and

_____

[*]The Honorable Harold A. Ackerman, Senior United States District Judge for the District of
New Jersey, sitting by designation.

Case No. 06-6325
*Clair, et al. v. N. Ky. Indep. Health Dist., et al.*

substantive due process claims. Specifically, the district court concluded: (1) the Health District's significant degree of discretion in the permitting process foreclosed any legitimate claim of entitlement by Clair; and (2) food-service permits were analogous to other types of property-use permits in which courts have held that "first-time applicants for liquor or entertainment licenses do not have a protected property interest" with respect to a due process analysis. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (citing *Wojcik v. City of Romulus*, 257 F.3d 600, 609-10 (6th Cir. 2001)); *see also Sanderson v. Vill. of Greenhills*, 726 F.2d 284, 286 (6th Cir. 1984) (holding that a first-time applicant for an amusement license did not have a legitimate claim of entitlement to the license because the circumstances were analogous to other license/permit decisions holding the same).

We agree with the district court that plaintiffs – first-time applicants for a food-service permit – did not possess a constitutionally protected property right for purposes of a due process or substantive due process analysis, and, thus, their claims are foreclosed. Therefore, we affirm for the reasons stated by the district court on this issue. After reviewing the record, the parties' briefs, and the applicable law, we conclude that a panel opinion further addressing this issue would not serve a jurisprudential purpose.

Affirmed.